# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Joseph Sottolano | ) ASBCA No. 59777 |
| | ) |
| Under Contract No. ODIA-10-04-009 | ) |

APPEARANCE FOR THE APPELLANT:      Michael H. Sussman, Esq.
    Sussman & Watkins
    Goshen, NY

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
    Army Chief Trial Attorney
    Erica S. Beardsley, Esq.
    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

### INTRODUCTION

Appellant, Joseph Sottolano, appeals from what he contends is the denial of a claim for monetary damages allegedly arising from the 24 September 2013 termination of a baseball-coaching contract between him and the Army Athletic Association (the Fund). The Fund, a non-appropriated fund instrumentality (NAFI), moves for dismissal of the appeal for lack of jurisdiction. We grant the motion, and dismiss the appeal, for lack of jurisdiction, without prejudice.

### FINDINGS OF FACT

Effective 1 July 2010, Mr. Sottolano and the Fund entered into Contract No. ODIA-10-04-009, for his services as "Head Baseball Coach, United States Military Academy" (R4, tab 1 at 1). The contract's Disputes clause makes clear that the contract was not subject to the Contract Disputes Act of 1978 (CDA). The clause also provides that "[t]he Contracting Officer's decisions on claims may be appealed by submitting a written appeal to the Armed Services Board of Contract Appeals" (R4, tab 1 at 11-12, § 9.02), and that:

> "Claims"...means a written demand or written assertion by
> the Contractor, seeking as a matter of right, the payment of
> money in a sum certain....

(*Id.* at 11, § 9.01(d)) Furthermore, the Disputes clause provides that "[a] claim by the Contractor shall be made in writing and submitted...to the Contracting Officer for a written decision (*id.* § 9.01(e)(1)), and that:

> (2) For Contractor claims exceeding $100,000 the Contractor shall submit with the claim a certification that:
>
> > (a) The claim is made in good faith;
> >
> > (b) Supporting data is accurate and complete to the best of the Contractor's knowledge and belief; and
> >
> > (c) The amount requested accurately reflects the Contract's adjustment for which the Contractor believes the Fund is liable.

(*Id.* at 12, § 9.01(2)) Finally, the Disputes clause provides that "[t]he Certification shall be executed by the Contractor" (*id.* § 9.01(3)).

On 24 September 2013, the Fund terminated that contract for cause, finding that Mr. Sottolano had "fail[ed] to perform [his] prescribed duties in accordance with the terms and conditions of [his] contract" (R4, tab 13 at 2). On 16 December 2013, Mr. Sottolano filed an appeal docketed as ASBCA No. 59081, challenging that termination. [1]

On 5 May 2014, Mr. Sottolano submitted to the contracting officer a request for monetary damages allegedly arising from the termination of the contract (Bd. corr. file, ltr. dtd. 5 May 2014). Mr. Sottolano signed the letter, which is on the letterhead of Mr. Sottolano's counsel (*id.*). The submission sought (1) a "liquidated claim" for "$83,600 plus interest for the value of the remaining salary due under the terms of said contract"; (2) "the value, unknown to [Mr. Sottolano], of the fringe benefits provided by said contract, including health insurance, pension contributions and other benefits"; (3) "consequential damages...including the loss of the salary associated with a contract extension valued at $745,000"; (4) "approximately $11,000 for [Mr. Sottolano's] work during the summer of 2013 running a baseball camp for [the Fund]"; and (5) "damages estimated at $3,000,000," including for alleged damage to Mr. Sottolano's reputation (*id.*).

---

[1] This appeal is consolidated with ASBCA No. 59081; the Rule 4 (R4) citations refer to the Rule 4 file in ASBCA No. 59081.

With respect to the alleged contract extension, Mr. Sottolano stated that:

> The terms of this [extension] contract were agreed upon by the parties and it was scheduled to take effect on August 1, 2013. It was held in abeyance following the August 2, 2013 allegations [leading to the 24 September 2013 termination of the original contract] and then canceled as a consequence of the unjust [24 September 2013] termination.

(*Id.*) The 5 May 2014 submission requested a final decision and provided the following statement:

> The contractor hereby submits this claim in good faith, represents that supporting and requested data is accurate and complete to his knowledge and belief and that the amount requested accurately reflects the contractual adjustment for which the fund [sic] is liable to the contractor's knowledge and belief.

(*Id.*)

On 27 June 2014, the contracting officer sent a letter to Mr. Sottolano, through his counsel, acknowledging receipt of his 5 May 2014 submission, and stating that she was "unable to act upon it as a cognizable claim," because, the contracting officer contended, Mr. Sottolano did not state a "sum certain" (Bd. corr. file, ltr. dtd. 27 June 2014). The contracting officer further stated:

> As there are several stated estimates and approximations in your submission I am unable to determine or calculate the sum you request as a remedy and am prevented from acting upon it as a claim.

(*Id.*) On 17 September 2014, Mr. Sottolano's counsel sent to the contracting officer a letter (Bd. corr. file, ltr. dtd. 17 September 2014), the text of which reads, in its entirety (including the evident typographical error regarding the date of the contracting officer's 27 June 2014 letter):

> I have yours of June 27, 2004 and find the reasoning convoluted and pretextual. The sum certain Mr. Sottolano seeks for breach of contract is $2,740,000. The bases for this number are set forth in mine of May 5, 2014.

3

The letter does not include the certification prescribed by the Disputes clause nor does it include any certification language of the type set forth in Mr. Sottolano's 5 May 2014 submission to the contracting officer. (*Id.*)

On 12 November 2014, the contracting officer sent to Mr. Sottolano, again through his counsel, a letter acknowledging receipt of the 27 September 2014 letter, stating that she "[had] reviewed your submission and find that I am again unable to act upon it as a cognizable claim" (Bd. corr. file, ltr. dtd. 12 November 2014). The contracting officer stated (1) that Mr. Sottolano's 17 September 2014 letter "does not include the mandatory certification required when a claim is submitted in excess of $100,000"; and (2) that "[i]n order to present a cognizable claim, Mr. Sottolano or a duly authorized person asserting such authority needs to provide all mandatory claim submission requirements in one consolidated, clear submission" (*id.*).

On 5 January 2015, Mr. Sottolano filed an appeal from what he characterized as "the denial by the contracting officer of his claim for damages," referencing what he characterized as a "certified and verified claim dated May 5, 2014, as amended on September 17, 2014, and as denied by the contracting official by letter dated November 12, 2014." The Board docketed that appeal as ASBCA No. 59777.

## DECISION

The Fund, a non-appropriated fund instrumentality (NAFI), moves to dismiss the appeal for lack of jurisdiction, taking the position that Mr. Sottolano's claim, which the Fund interprets is for $2,740,000 (Fund reply at 1), is uncertified and, therefore, is not a proper claim. We grant the motion and dismiss the appeal (ASBCA No. 59777).

Mr. Sottolano invokes the Board's jurisdiction pursuant to the contract's Disputes clause (*see* app. response at 3). As set forth in our findings of fact, that clause provides that the contracting officer's decisions on claims may be appealed to the Board, and defines a claim as a written demand or written assertion by the contractor, seeking as a matter of right, the payment of money *in a sum certain*. Furthermore, the Disputes clause requires that claims be submitted to the contracting officer, and that, for claims exceeding $100,000, the contractor submit with the claim a certification that "[t]he claim is made in good faith," "[s]upporting data is accurate and complete to the best of the Contractor's knowledge and belief," and "[t]he amount requested accurately reflects the Contract's adjustment for which the Contractor believes the Fund is liable." Finally, the Disputes clause requires that the certification be executed by the contractor. Therefore, for the Disputes clause to provide the Board jurisdiction to entertain the appeal, Mr. Sottolano must have presented to the contracting officer a proper monetary claim within the meaning of the contract's

4

Disputes clause; that is, a submission that states a sum certain, and, if the claim exceeds $100,000, certifies the amount.

The requirement that a claim be in a sum certain necessitates that the amount being demanded not be the subject of qualifying language, such as "approximately." *J.P. Donovan Construction, Inc.*, ASBCA No. 55335, 10-2 BCA ¶ 34,509 at 170,171, *aff'd*, 469 F. App'x 903 (Fed. Cir. 2012) (unpublished decision). Thus, when a claim describes any of its monetary elements as "approximate," and never states a sum certain that the claim is demanding, the sum certain requirement has not been met. *See id.* In other words, the final amount being demanded in a claim must appear as a sum certain. *See id.*

A single submission to a contractor seeking monetary relief may consist of more than one "claim"; for example, a claim for expectation damages may be distinct from a claim for consequential damages, even if both claims arise from the same set of underlying facts and involve similar allegations. *See K-Con Building Systems, Inc. v. United States*, 778 F.3d 1000, 1005-06 (Fed. Cir. 2015) (citing *Case, Inc. v. United States*, 88 F.3d 1004, 1010 (Fed. Cir. 1996)). That is the case here: Mr. Sottolano's 5 May 2014 submission to the contracting officer presents two distinct claims, one that he characterized as a "liquidated claim" for the termination of the contract, and a second that he characterized as the additional, "consequential damages" of that termination, which included the loss of his salary associated with a contract extension.

Thus the "consequential damages" claim is distinct from the "liquidated claim," because the consequential damages claim is based upon facts surrounding allegations of the negotiation of a new, "extension" contract, in addition to the facts surrounding the allegations of misconduct that are also the basis of the "liquidated claim" for termination of the original contract. *Cf. Case*, 88 F.3d at 1010 (finding that challenge to government claim for unliquidated progress payments based in part upon allegations regarding a contract's delivery schedule was distinct from later-submitted claim for additional compensation based in part upon allegations of overly-strict government inspection of the contract work).

Although Mr. Sottolano's 5 May 2014 submission presents two distinct monetary claims, neither is submitted in a sum certain, so neither is a proper monetary claim within the meaning of the Disputes clause. Although the submission includes certification language essentially like the Disputes clause requires for contractor claims that exceed $100,000, each of the two claims includes at least one monetary component that is qualified or altogether unquantified, such that neither claim presents a final amount being demanded as a sum certain. The 5 May 2014 submission explains that the liquidated claim for the termination of the original contract seeks, in addition to a specified salary, "the value, unknown to [Mr. Sottolano], of the fringe benefits provided by [the] contract." The submission further explains that the consequential damages claim

5

includes, in addition to "the loss of the salary associated with a contract extension valued at $745,000," "*approximately* $11,000 for [Mr. Sottolano's] work during the summer of 2013 running a baseball camp for [the Fund]" (emphasis added). Because no final amount being demanded appears as a sum certain for either of the two claims in Mr. Sottolano's 5 May 2014 submission, that submission includes no proper monetary claim within the meaning of the contract's Disputes clause; therefore, the Board does not possess jurisdiction to entertain the appeal from the alleged denial of the 5 May 2014 request for a contracting officer's final decision.

Mr. Sottolano's 5 January 2015 notice of appeal asserts that the 5 May 2014 submission was amended on 17 September 2014. On 17 September 2014, Mr. Sottolano's counsel provided to the contracting officer a letter stating that the sum certain that Mr. Sottolano sought for breach of contract was $2,740,000, but that letter does not include a certification of that or any other amount. Leaving aside whether Mr. Sottolano's counsel was authorized to certify a claim upon Mr. Sottolano's behalf, the $2,740,000 amount in the 17 September 2014 letter (although a sum certain) is not certified. Consequently, the 17 September 2014 letter is not a proper monetary claim within the meaning of the contract's Disputes clause, nor (because it includes no certification) could it cure the lack of a sum certain in the 5 May 2014 submission. Finally, the certification in the 5 May 2014 submission cannot be reasonably read to refer to the $2,740,000 referenced in the 17 September 2014 letter, given that the 5 May 2015 submission was created months before the 17 September 2014 letter. In short, neither the 5 May 2014 nor the 17 September 2014 correspondence, either separately or in combination, presents any proper monetary claim within the meaning of the contract's Disputes clause.

## CONCLUSION

Because there is no proper claim underlying this appeal, the appeal is dismissed for lack of jurisdiction, without prejudice.[2]

Dated: 22 April 2015

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[2] Because the Board does not possess jurisdiction to entertain the appeal, we find it unnecessary to consider the parties' contentions whether the types of damages that Mr. Sottolano seeks are recoverable.

I concur                                    I concur

_____                 _____
MARK N. STEMPLER                            RICHARD SHACKLEFORD
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


        I certify that the foregoing is a true copy of the Opinion and Decision of
the Armed Services Board of Contract Appeals in ASBCA No. 59777, Appeal of
Joseph Sottolano, rendered in conformance with the Board's Charter.

        Dated:


                                    _____
                                    JEFFREY D. GARDIN
                                    Recorder, Armed Services
                                    Board of Contract Appeals


7